## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Faine

v.

Faine

February 18, 1992

Case No. (Chancery) 910608

BY JUDGE ALFRED D. SWERSKY

This matter is before this Court on Defendant's Motion to Vacate the Final Decree of Divorce entered on December 6, 1991. She alleges that no notice of the presentation of the Decree was given and notice was not waived.

Defendant was served by publication after the filing of an affidavit by Complainant that Defendant was a non-resident. While a claim was made orally that Complainant knew her to be a resident of Virginia and knew her address, this claim was not pursued nor could it have been. Defendant, although she filed no pleadings, received notice at a Virginia address of the Commissioner's hearing and, in fact, appeared *pro se*. She, on several instances at the hearing, indicated her wish to reserve her right to spousal support. The Commissioner appropriately advised her that the Commissioner had no jurisdiction over such matters, and Defendant should file appropriate pleadings with the Court. This advice went unheeded, and no formal pleadings were filed on behalf of Mrs. Faine.

However, Complainant's counsel was present when Defendant asked to reserve her right to support and when she advised as to her present Virginia address. No notice was given as to the presentation of the final decree, and it was entered by this Court on December 6, 1991. Since more than twenty-one days has elapsed, the Decree can be set aside only if it is void or procured by fraud on the Court. Code of Virginia, § 8.01–428. No fraud has been alleged nor has any been shown. The case therefore turns on whether or not Defendant was

entitled to notice and whether or not a failure to give notice renders the Decree void.

While Defendant was technically in "Default" (Rule 2:7 Rules of Supreme Court), a bill in a divorce case is not taken for confessed (Rule 2:9). Defendant's attendance at the hearing, her claim of spousal support, and her attempt to "reserve" her rights were evidence of an intention to appear in the case and pursue her claims further. Her furnishing of her present address and questions about further proceedings strengthens the argument that she believed notice to be forthcoming.

Under these circumstances, the court finds the action of Defendant to constitute an appearance in this cause. Hence, notice was required, and the failure to do so renders the Decree void.

The Motion to Vacate will be granted.